Mr. Douglas R. Murdock Chairman, State Board of Building Codes and Standards Department of Community Affairs 2555 Shumard Oak Boulevard Tallahassee, Florida 32399-2100
Dear Mr. Murdock:
On behalf of the Board of Building Codes and Standards for the State of Florida, you have asked for my opinion on substantially the following question[1]:
Is a local government authorized to approve a locally developed standard for wind resistance in one and two family dwellings?
In sum:
Local governments may provide for more stringent requirements than those specified in Section 1606 of the Standard Building Code regarding wind load criteria but may not adopt less stringent regulations. Any local government adopting more stringent regulations must comply with the procedural requirements of section 553.73(4), Florida Statutes, as amended.
Section 553.73, Florida Statutes, as amended by Chapter 97-177, Laws of Florida, requires local governments and state agencies with building construction regulation responsibilities to adopt a building code covering all types of construction.[2] This code must include provisions from those parts of Chapter 553, Florida Statutes, relating to plumbing, electrical requirements, glass, manufactured buildings, accessibility by handicapped persons, and thermal efficiency.[3]
Subsection (4) of this statute provides that
"[l]ocal governments and state agencies with building construction regulation responsibilities may, subject to the limitations of this section, provide for more stringent requirements than those specified in the State Minimum Building Codes provided:
(a) The local governing body determines, following a public hearing which has been advertised in a newspaper of general circulation at least 10 days before the hearing, that there is a need to strengthen the requirements of the State Minimum Building Codes adopted by such governing body. The determination must be based upon a review of local conditions by the local governing body, which review demonstrates that local conditions justify more stringent requirements than those specified in the State Minimum Building Codes for the protection of life and property.
(b) Such additional requirements are not discriminatory against materials, products, or construction techniques of demonstrated capabilities.
(c) Such additional requirements may not introduce a new subject not addressed in the State Minimum Building Codes.
(d) Paragraphs (a), (b), and (c) apply to the enforcing agency's adoption of more stringent requirements than those specified in the State Minimum Building Codes and to the adoption of building construction-related codes that have the effect of amending building construction standards contained in the State Minimum Building Codes. Upon request, the enforcing agency shall provide a person making application for a building permit, or any state agency or board with construction-related regulation responsibilities, a listing of all such requirements and codes."
Thus, local governments are authorized to adopt more stringent standards than those contained in the State Minimum Building Codes by following the procedural requirements in the statute.
Section 553.73, Florida Statutes, contains a provision dealing with wind resistance standards for building construction. Subsection (9) of the statute states that
"[e]xcept within coastal building zones as defined in s. 161.54, specification standards developed by nationally recognized code promulgation organizations to determine compliance with s. 1205 and the engineering design criteria of s. 1205 of the Standard Building Code shall not apply to one or two family dwellings which are two stories or less in height unless approved by the Board of Building Codes and Standards for use or unless expressly made subject to said standards and criteria by local ordinance adopted in accordance with the provisions of subsection (4)."
According to information you have provided, Section 1205 of the 1988 Edition of the Standard Building Code, codified as Section 1606 of the 1997 Edition, provides requirements for wind resistance.
The Florida Board of Building Codes and Standards has adopted Section 1606 of the Standard Building Code as the minimum wind load criteria to be used in the design of all one and two family dwellings.[4] Therefore, as contemplated by section 553.73(9), Florida Statutes, a minimum standard has been adopted in this state for wind load criteria for one and two family dwellings, and building regulations adopted by local governments must conform to those standards and criteria. However, as provided in section553.73(4), Florida Statutes, local governments may adopt more stringent requirements than those specified in the State Minimum Building Codes by following the procedural requirements of that section.[5]
Therefore, it is my opinion that a more stringent standard for wind resistance may be adopted by a local government for use in designing one and two family dwellings if the standard imposes more stringent requirements than those specified in Section 1606 of the Standard Building Code and the procedural requirements of section 553.73(4), Florida Statutes, are followed.[6] Local governmental agencies may request assistance from the State Board of Building Codes and Standards relating to the "interpretation, enforcement, administration, or modification" of the minimum building codes pursuant to section 553.77(1)(d), Florida Statutes, and this would appear to include a determination of whether certain requirements are "more stringent" than those contained in the currently adopted State Minimum Building Code.[7]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 553.77(1)(a) and (d), Fla. Stat., authorizing the Board of Building Codes and Standards to adopt rules and regulations and to issue opinions relating to the interpretation, enforcement or modification by local governments of the State Minimum Building Codes.
[2] Section 553.73(1)(a), Fla. Stat.
[3] Id.
[4] Rule 9B-3.047(1)(f), Fla. Admin. Code. And see, s.553.73(3), Fla. Stat., authorizing the board to adopt an administrative rule designating all or a part of an updated or revised version of a model code as a State Minimum Building Code.
[5] Cf., Op. Att'y Gen. Fla. 75-232 (1975), concluding that the State Minimum Building Codes, when adopted, will establish uniformminimum building codes applicable throughout the state; and the more stringent requirements of the South Florida Building Code could be adopted as a part thereof for particular geographic areas; further, all local building codes containing more stringent requirements in effect when the state minimum codes are adopted are expressly preserved by the act; and Op. Att'y Gen. Fla. 96-37 (1996) in which this office concluded that Dade County and other charter counties have the authority to adopt more stringent regulations than those set forth in the State Minimum Building Codes as authorized by s. 553.73, Fla. Stat., and that regulations adopted by a charter county that are not more stringent than those set forth in the codes are invalid.
[6] And see, s. 553.79(3), Fla. Stat., providing that the State Minimum Building Codes, after the effective date of their adoption, shall supersede all other building construction codes or ordinances in the state unless such building construction codes or ordinances are more stringent than the State Minimum Building Codes and the conditions of s. 553.73(4), Fla. Stat., are met.
[7] Cf., s. 553.79(4), Fla. Stat., which provides that "[t]he State Minimum Building Codes, after the effective date of their adoption pursuant to the provisions of this part, may be modified
by local governments to require more stringent standards than those specified in the State Minimum Building Codes, provided the conditions of s. 553.73(4) are met." (e.s.)